IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | | |
|---|---|---|
| ELEANOR LEWIS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 10-CV-2109 JWL/DJW |
| | ) | |
| WYANDOTTE/LEAVENWORTH | ) | |
| AREA ON AGING, ET. AL., | ) | |
| Defendant. | ) | |
| | ) | |
| _____ | ) | |

## MEMORANDUM AND ORDER

Plaintiff Eleanor Lewis filed this *pro se* action to assert violations of her due process rights stemming from changes made to her home-based health care, allegedly made without her consent. This matter comes before the Court on a Motion to Quash Service and a Motion to Dismiss brought by the Unified Government of Wyandotte County/Kansas City, Kansas (hereinafter "Unified Government") and defendant Rik Van Dyke (doc. #12). According to defendants, plaintiff's complaint must be dismissed for insufficiency of process and service of process under Fed.R.Civ.P. 12(b)(4) and (5) and for lack of subject matter jurisdiction under Fed.R.Civ.P. 12(b)(1). Also before the Court is a motion by Ms. Lewis requesting that the Court enter a default judgment against defendant Stacy Headd (doc. #14), based upon Ms. Headd's failure to timely respond to the Complaint. For the reasons set forth below, the Court grants in part and denies in part the Motion to Quash Service and Motion to Dismiss. The Court grants the Motion to

1

Dismiss filed on behalf of the Wyandotte/Leavenworth Area Agency on Aging, but grants Ms. Lewis until August 9th, 2010 to file an amended complaint adding the proper party as a defendant. The Court denies the Motion to Quash defendant Rik Van Dyke, as the defendant has misapprehended the basis upon which Ms. Lewis has sued him. The Court denies Ms. Lewis's Motion for Default Judgment because Ms. Lewis has not established that Ms. Stacy Headd has any authority to provide the relief Ms. Lewis seeks.

A. Subject Matter Jurisdiction

The Unified Government of Wyandotte County/Kansas City, Kansas moves to dismiss the complaint for lack of subject matter jurisdiction. Ms. Lewis named in her complaint as a defendant the Wyandotte/Leavenworth Area Agency on Aging (hereinafter "the Agency"). According to the Unified Government, the Agency is a department within the Unified Government and lacks the capacity to sue or be sued. Accordingly, the Unified Government claims that this Court lacks subject matter jurisdiction.

Absent a specific statute, subordinate governmental agencies do not have the capacity to sue or be sued. *Fugate v. Unified Gov't of Wyandotte County/Kansas City, Kansas*, 161 F.Supp.2d 1261, 1266 (D. Kan. 2001). *See also Lindenman v. Umscheid*, 255 Kan. 610, 628, 875 P.2d 964, 977 (1994) (citing *Hopkins v. State*, 237 Kan. 601, 606, 702 P.2d 311 (1985)). The Agency must therefore have statutory authorization to sue or be sued in

order for Ms. Lewis to bring an action against it. The Court has not found any statutory authority for area agencies on aging, such as the Wyandotte/Leavenworth Agency, to sue or be sued, s*ee* K.S.A. § 75-5901 *et seq,* and Ms. Lewis has not directed the Court to any such authority. Thus, the Court concludes that the Agency is not a proper defendant, and Ms. Lewis should instead have sued the Unified Government. *See Fugate*, 161 F.Supp.2d at 1266 (explaining that the Unified Government of Wyandotte County/Kansas City, Kansas is responsible as a matter of law for any actionable misconduct by the Sheriff's Department, which likewise lacks the capacity to sue or be sued) and *Wright v. Wyandotte County Sheriff's Dept.*, 963 F.Supp. 1029, 1034 (D. Kan. 1997) (explaining that the Wyandotte County Sheriff's Department is not capable of being sued, and that the plaintiff should instead have brought the lawsuit against the Board of County Commissioners of Wyandotte County, citing to K.S.A. § 19-105).

Although the Unified Government seeks dismissal of Ms. Lewis's complaint on this basis, the Court recognizes that it has an obligation to hold a *pro se* litigant's pleadings to a less stringent standard. *See Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).[1] Moreover, the Court has the discretion to grant leave to amend under Fed.R.Civ.P. 15(a),

---

[1] The Court also recognizes that *pro se* litigants are not excused from complying with the procedural rules. *Murray v. City of Tahlequah*, 312 F.3d 1196, 1200 n. 3 (10th Cir.) ("Although we liberally construe pro se pleadings, [the party's] pro se status does not relieve him of the obligation to comply with procedural rules.") Moreover, it is not "the proper function of the district court to assume the role of advocate for the *pro se* litigant." *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). However, the Tenth Circuit has also instructed that "*pro se* litigants are to be given reasonable opportunity to remedy the defects in their pleadings." *Id*. at 1110, n. 3.

and leave to amend "shall be freely given when justice so requires." *See Miller v. Bd. of Educ. of Albuquerque Public Schools*, 565 F.3d 1232, 1249 (10th Cir. 2009) (citing *Zenith Radio Corp. v. Hazeltine Research, Inc.,* 401 U.S. 321, 330, 91 S.Ct. 795, 28 L.Ed.2d 77 (1971)). *See also* Fed.R.Civ.P. 15(a)(2). In light of Ms. Lewis's mistake in naming the proper party, the Court grants her leave to amend her complaint to name the correct defendant.[2]

B. Service of Process

Defendant Rik Van Dyke moves to quash service and to dismiss for insufficiency of service of process under Fed.R.Civ.P. 12(b)(5). Mr. Van Dyke, the Program Coordinator for the Wyandotte/Leavenworth Area Agency on Aging, was served by Ms. Lewis at his business address, at 1300 North 78th Street, Suite 100, Kansas City, Kansas 66112. Defendants assert that Mr. Van Dyke was sued in his individual capacity and that service at his business address was therefore insufficient, citing *Scherer v. United States*, 241 F.Supp.2d 1270, 1282 (D. Kan. 2003), *aff'd*, 78 Fed. App'x 687 (10th Cir. Oct. 17, 2003) (unpublished opinion).

---

[2] The Unified Government and defendant Van Dyke argue that dismissal is warranted even if Ms. Lewis has intended to serve the Unified Government as a municipality, because Ms. Lewis did not serve the Agency in any manner permissible for serving a municipality under Fed.R.Civ.P. 4(j)(2)(A) or K.S.A. § 60-304(d). However, Ms. Lewis clearly did not understand the need to name as defendant or serve the Unified Government, and therefore could not have been expected to serve the Agency as if it were the municipality. Thus, the Court rejects this argument. However, Ms. Lewis will have to properly serve any amended complaint upon the new, properly named defendants.

"A Rule 12(b)(5) motion…challenges the mode or lack of delivery of a summons and complaint." *Queen v. Feden*, 2005 WL 1941693, at *18 (D. Kan. Aug. 12, 2005) (quoting *Blue Ocean Lines v. Universal Process Equip., Inc.,* 1993 WL 403961, at *4 (S.D.N.Y. Oct. 7, 1993)). "Objections to the sufficiency of process 'must be specific and point out in what manner the plaintiff has failed to satisfy the service provision utilized.'" *Id*. (quoting *O'Brien v. R.J. O'Brien & Assoc.*, 998 F.2d 1394, 1400 (7th Cir. 1993)). "'When [a] defendant challenges the sufficiency of service of process, the burden of proof is on the plaintiff to show the adequacy of service.'" *Id*. (quoting *Blue Ocean Lines*, 1993 WL 403961, at *4). A *pro se* party is not relieved of her obligation to comply with the service of process requirements under Fed.R.Civ.P. 4. *Id*. (citing *DiCesare v. Stuart*, 12 F.3d 973, 980 (10th Cir. 1993)).

Ms. Lewis has not clearly specified whether she sues Mr. Van Dyke in his official or personal capacity. *See Cornforth v. Univ. of Oklahoma Bd. of Regents*, 263 F.3d 1129, 1132 (10th Cir. 2001) (noting that the complaint did not clearly specify whether claims were brought against an official in his individual or official capacity where the complaint merely described the official as "an individual."). Where the complaint does not clearly indicate whether an official is being sued in his individual or official capacity, or both, "the determination must be made by reviewing 'the course of the proceedings.'" *Houston v. Reich*, 932 F.2d 883, 885 (10th Cir. 1991) (quoting *Kentucky v. Graham*, 473 U.S. 159, 167 n. 14 (1985)). In the memorandum accompanying their motion, the defendants assert that Mr. Van Dyke and Ms. Stacy Headd were sued in their individual capacities, and Ms.

5

Lewis did not respond by asserting otherwise. However, Ms. Lewis seeks only declaratory or injunctive relief, clearly stating in the complaint that she does not seek any damages. Although there is no Eleventh Amendment bar to entertaining individual capacity claims for prospective injunctive relief,[3] *see Cornforth*, 263 F.3d at 1134-35, the relief Ms. Lewis seeks may be obtained against Mr. Van Dyke and Ms. Headd only in their official capacities. *See Hill v. Shelander*, 924 F.2d 1370, 1374 (7th Cir. 1991) ("[I]njunctive relief against a state official may be recovered only in an official capacity suit.") and *Smith v. Plati*, 56 F.Supp.2d 1195, 1203 (D. Colo. 1999), *aff'd*, 258 F.3d 1167 (10th Cir. 2001) (noting that the plaintiff could not obtain the injunctive relief requested against a state official sued in his individual capacity). *See also Ex parte Young,* 209 U.S. 123, 159-60, 28 S.Ct. 441, 52 L.Ed. 714 (1908) and *Green v. Mansour*, 474 U.S. 64, 68, 106 S.Ct. 423, 88 L.Ed. 2d 371 (1985) (finding that the Eleventh Amendment does not bar a state official from being sued in his official capacity for prospective injunctive relief "designed to end a continuing violation of federal law"). Thus, the Court liberally construes Ms. Lewis's *pro se* complaint as asserting claims against Mr. Van Dyke and Ms. Stacy Headd only in their official capacities.

The argument of improper service by the Unified Government and Mr. Van Dyke was predicated upon the complaint alleging only individual capacity claims. Had Ms. Lewis

---

[3] Eleventh Amendment immunity also does not bar an action for damages against a state official in his individual capacity, nor an action against the official in his official capacity for prospective injunctive or declaratory relief. *See Cornforth*, 263 F.3d at 1132 and *Robinson v. Kansas*, 295 F.3d 1183, 1188 (10th Cir. 2002).

asserted individual capacity claims, service of process at Mr. Van Dyke's place of business would not have been proper under Fed.R.Civ.P. 4(e). *See Scherer v. United States,* 241 F.Supp.2d 1270, 1281-82 (D. Kan. 2003), *aff'd*, 78 Fed. App'x 687 (10th Cir. Oct. 17, 2003) (citing *Despain v. Salt Lake Area Metro Gang Unit*, 13 F.3d 1436, 1438 (10th Cir. 1994)). *See also Fulcher v. City of Wichita*, 445 F.Supp.2d 1271, 1275 (D. Kan. 2006) (service not proper where the plaintiff served the defendant, a municipal official, at his place of business). However, as explained above, the Court construes the complaint as alleging only official capacity claims against Mr. Van Dyke; thus, the Court rejects the basis for the Motion to Quash Service. Consequently, the Motion to Quash Service and Motion to Dismiss is denied as to defendant Rik Van Dyke.

C. Motion for Default Judgment

Ms. Lewis requests that this Court enter a default judgment against defendant Stacy D. Headd, as she was served on March 17, 2010 and has yet to respond. Fed.R.Civ.P. 55(a) allows an entry of default against a party when that party has "failed to plead or otherwise defend" itself. Following entry of default by the clerk, Fed.R.Civ.P. 55(b)(2) permits a district court to enter default judgment.[4] "A trial court is vested with

---

4 Thus, Rule 55 envisions a two-step process for obtaining a default judgment. "First, the party wishing to obtain a default judgment must apprise the court that the opposing party has failed to plead or otherwise defend by requesting 'by affidavit or otherwise' that the clerk enter default on the docket. Fed.R.Civ.P. 55(a). Second, following an entry of default by the clerk, 'the party entitled to a judgment by default shall apply to the court

broad discretion in deciding whether to enter a default judgment." *Galloway v. Hadl*, 2008 WL 5109758, at *1 (D. Kan. Dec. 2, 2008) (citing *Grandbouche v. Clancy*, 825 F.2d 1463, 1468 (10th Cir. 1987)). Exercising this discretion, the Court concludes that Ms. Lewis must not be granted a default judgment at this time. Ms. Lewis seeks only injunctive or declaratory relief, as she states in her First Amended Complaint (doc. #5) that she seeks for the Court to (1) order the defendants to return Ms. Lewis back to a self-direct form of home-based health care, (2) appoint a guardian ad litem to protect her interests as against the defendants, (3) order that Stacy Headd be removed from her position as Ms. Lewis's case manager, and (4) order the reappointment of Ms. Lewis's grandson as the individual responsible for handling her home-based health care. Ms. Lewis has not shown that Ms. Headd, as case manager, would have the power to do any of the things that Ms. Lewis requests. For example, there has been no showing that Ms. Headd would have the authority to change the status of Ms. Lewis's home-based health care back to self-direct. The same deficiency also exists as to the other forms of relief requested. The Court thus denies Ms. Lewis's motion to enter default judgment against Ms. Headd.

---

therefor.' Fed.R.Civ.P. 55(b)(2))." *Williams v. Smithson*, 57 F.3d 1081 (Table), 1995 WL 365988, at *1 (10th Cir. June 20, 1995) (citing *Meehan v. Snow*, 652 F.2d 274, 276 (2nd Cir. 1981)). Here, Ms. Lewis has not sought for the clerk to enter default under Fed.R.Civ.P. 55(a); thus, the Court must deny the motion on this basis as well. *See Cincinnati Ins. Co. v. Pro Data Svcs., Inc.*, 2002 WL 923930, at *1 (D. Kan. Apr. 18, 2002) ("While this is merely a procedural step in the process toward obtaining a default judgment, in this case it has not yet occurred. Instead, plaintiff skipped directly to the second step of the process and moved for a default judgment. Only after both steps occur can the court enter a default judgment. Thus, the motion must be denied.")

**IT IS THEREFORE ORDERED BY THE COURT THAT** the Motion to Quash Service and Motion to Dismiss (doc. #12) is **granted in part** and **denied in part**, as set forth herein. Ms. Lewis is granted until August 9th, 2010 to file an amended complaint to name the proper defendant. Ms. Lewis's Motion to Enter Judgment by Default Against Defendant Stacy Headd (doc. #14) is **denied**.

**IT IS SO ORDERED.**

Dated this 9th day of July, 2010, in Kansas City, Kansas.

_____
John W. Lungstrum
United States District Judge